Thomas S. PHILLIPS, Plaintiff–
Appellant,

v.

The SAGE COLLEGES et al.,
Defendants–Appellees.

No. 02–9191.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2003.

Thomas S. Phillips, Fair Haven, Ver-
mont, for Appellant, pro se.

Nicholas J. D'Ambrosio, Bond, Schoe-
neck & King, PLLC, Albany, New York,
for Appellees.

Present: KEARSE, McLAUGHLIN,
and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the district court's
judgment entered on October 3, 2002, is
hereby AFFIRMED, but the case RE-
MANDED for the limited purpose of al-
lowing the district court to clarify that its
dismissal of the state law claims is without
prejudice.

Plaintiff–Appellant Thomas S. Phillips,
who sued Defendants–Appellees The Sage
Colleges et al. ("Sage") under various the-
ories of federal and state law for dismiss-
ing him from further study in its Physical
Therapy Program, now appeals *pro se*
from the district court's judgment dismiss-
ing his amended complaint for failure to
state a claim and lack of subject matter
jurisdiction. We review the district court's
judgment of dismissal *de novo*. *See, e.g.,*
*Webb v. Goord,* 340 F.3d 105, 108 (2d
Cir.2003).

## 1. *42 U.S.C. § 1983*

With the exception of the Thirteenth Amendment prohibition against slavery, the United States Constitution regulates only government action, not that of private parties. *See Ciambriello v. County of Nassau,* 292 F.3d 307, 323 (2d Cir.2002). Thus, to state a claim under 42 U.S.C. § 1983 for a violation of constitutional rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause, Phillips must allege that he was injured by a state actor or by a private party acting under color of state law. *Id.* Sage, a private educational institution, is not a state actor. Whether it is a private party acting under color of state law depends on whether it exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kia P. v. McIntyre,* 235 F.3d 749, 755–56 (2d Cir.2000) (citations and internal quotation marks omitted).

The issue of state action in the case of a private educational institution does not turn simply on whether the state has licensed or even legislatively created the private institution. *See Hack v. President and Fellows of Yale College,* 237 F.3d 81, 84 (2d Cir.2000). Neither is a private institution's involvement in an activity, such as higher education, in which the state has a strong (but hardly exclusive) interest, enough to establish state action. A plaintiff must allege facts showing either that the state has ceded governmental functions to the private actor that the state would otherwise be obligated to perform, *see Kia P. v. McIntyre,* 235 F.3d at 757 (citations omitted), or that the state has effectively assumed control of the private institution's policies and operations, as, for example, by appointing a majority of its governing board, *see Lebron v. National R.R. Passenger Corp.,* 513 U.S. 374, 400, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995);

accord *Hack v. President and Fellows of Yale College,* 237 F.3d at 84; *see also Leeds v. Meltz,* 85 F.3d 51, 54 (2d Cir. 1996).

■ Phillips's amended complaint, even when read with the liberality accorded *pro se* pleadings, *see Boddie v. Schnieder,* 105 F.3d 857, 860 (2d Cir.1997), fails to allege facts that could reasonably support a conclusion that New York State so effectively controls the teaching and grading practices, remedial assistance programs, or promotion policies here at issue, as to convert Sage's alleged misconduct into state action. Accordingly, we conclude that the district court properly ruled that Phillips failed to state a claim cognizable under § 1983.

## 2. *Title VI*

Phillips asserts that Sage discriminated against him in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* Title VI prohibits discrimination based on "race, color, or national origin," in connection with "any program or activity receiving Federal financial assistance." *Tolbert v. Queens College,* 242 F.3d 58, 69 (2d Cir.2001). Although Phillips's amended complaint does allege discrimination based on membership in a "protected class," nowhere in the 17–page single-spaced pleading does he identify the class discriminated against or ascribe any particular discriminatory animus to defendants. In his reply brief to this court, Phillips suggests that his amended complaint states a claim for gender discrimination. As a rule, this court will not consider new arguments raised in a reply brief. *See* Fed. R.App. P. 28; *Booking v. Gen. Star Mgmt. Co.,* 254 F.3d 414, 418 (2d Cir.2001). In any event, we conclude that even when Phillips's amended complaint is read with the liberality accorded *pro se* pleadings, *see Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001), it fails to provide

even minimal notice to alert either the district court or defendants that his claim is for *gender* discrimination. *See* Fed. R.Civ.P. 8(a).

■ Although the amended complaint references various statutes that Phillips contends were violated, there is no citation to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88 (expressly prohibiting gender discrimination in education) that could have indicated that Phillips was complaining of gender discrimination. Neither does the complaint accuse any defendant even conclusorily of gender bias or describe events indicating such bias. *Cf. Leatherman v. Tarrant County*, 507 U.S. 163, 164, 167–68, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (reaffirming liberal notice pleading standards articulated in *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Instead, Phillips alleges only that five named students who were in similar academic difficulty to him received more favorable consideration from defendants. By itself, this pleading is inadequate as a matter of law to serve notice of a gender-based claim. Indeed, because a reader is left to guess as to whether Phillips complains of any form of discrimination actually proscribed by federal law, the statutory claim was properly dismissed.

### 3. *Diversity Jurisdiction*

Phillips does not challenge the district court's *sua sponte* conclusion that diversity jurisdiction could not support the exercise of federal jurisdiction in his case against Sage. Because Phillips appears to have been a citizen of New York when he filed suit, and Sage is located in that state, this conclusion is correct. *See* 28 U.S.C. § 1332.

### 4. *State Claims*

The district court, having concluded that no grounds supported the exercise of fed-

eral jurisdiction, acted well within its discretion in declining to exercise supplemental jurisdiction over Phillips's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (and cases cited therein). While we presume that the district court intended its dismissal of the state law claims to be without prejudice, *id.* at 755, to the extent there is any ambiguity in the judgment on this point, we remand for the limited purpose of allowing clarification.

For the reasons stated, we hereby AFFIRM the district court's judgment dismissing Phillips's amended complaint and REMAND only for the limited purpose of allowing the district court to clarify that its dismissal of state law claims was without prejudice to their pursuit in state court.