**Donald GREEN, also known as Sly, also known as Stone, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 98–2061.**

United States Court of Appeals, Second Circuit.

Argued May 4, 2001.

Decided July 27, 2001.

Monica R. Jacobson, New York City, (Alvy & Jacobson, New York City, of counsel), for Appellant.

William J. Hochul, Jr., Assistant United States Attorney, Western District of New York, Buffalo, NY, (Denisé E. O'Donnell, United States Attorney for the Western District of New York, Buffalo, NY, of counsel), for Appellee.

Before: MESKILL, KEARSE and SOTOMAYOR, Circuit Judges.

Judge KEARSE concurs in a separate opinion.

MESKILL, Circuit Judge:

Petitioner-appellant Donald Green (Green) appeals an order of the United States District Court for the Western District of New York, Curtin, *J.*, denying his motion for an extension of time to file a motion for relief pursuant to 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Congress imposed a "1–year period of limitation" on section 2255 motions, which runs, in this case, from "the date on which the judgment of conviction becomes final." [1] 28 U.S.C. § 2255(1).

The district court held that Green's time to file a section 2255 motion had already expired because his conviction became final more than one year before he filed his motion requesting an extension of time. We granted Green a certificate of appealability on the following issues: (1) whether a district court can grant an extension of

---

**1.** The statutory "period of limitations" provision reads:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255.

time to file a section 2255 motion, (2) whether a timely motion for extension of time can be construed as a section 2255 motion for purposes of timeliness under the AEDPA, and (3) what date constitutes the date on which the judgment of conviction becomes final under the AEDPA.

We vacate the district court's order because we find that the district court did not have jurisdiction to rule on Green's motion for an extension of time absent the filing of a substantive section 2255 motion. In view of the facts of this case, however, the government has offered to waive its statute of limitations defense to permit Green to file a section 2255 motion.

## BACKGROUND

### A. *Green's Trial and Appeal*

On March 30, 1994, a jury returned guilty verdicts against Green for, *inter alia*, racketeering conspiracy, narcotics conspiracy, engaging in a continuing criminal enterprise and obstruction of justice, all arising out of Green's role as the leader of the "L.A. Boys" gang in Buffalo, New York. *See United States v. Workman*, 80 F.3d 688, 691–92 (2d Cir.1996) (holding, on direct appeal, that the evidence showed "that Green was the leader of the L.A. Boys, and that he had orchestrated the enterprise's activities"). The district court sentenced Green to four concurrent life sentences, two concurrent twenty year sentences, a ten year concurrent sentence and fifteen concurrent four year sentences, all to follow an unexpired New York state murder sentence. Final judgment entered on July 29, 1994.

On March 27, 1996, we affirmed Green's conviction in all respects.[2] *See id.* The United States Supreme Court denied

Green's petition for writ of *certiorari* on October 21, 1996. *See Green v. United States*, 519 U.S. 955, 117 S.Ct. 373, 136 L.Ed.2d 262 (1996).

### B. *Green's Motion to Extend Time*

On June 10, 1997, Green filed with the district court a "motion for [sic] extend time" to enlarge the time within which he could file a motion for relief pursuant to section 2255. The government opposed the motion on the ground that Green's time to move pursuant to section 2255 had expired on March 29, 1997, one year after we affirmed Green's convictions on direct appeal. On November 18, 1997, Green moved the district court to treat his previous motion for an extension of time as a motion for relief under section 2255. The government opposed this motion on timeliness grounds, and alternatively, argued that Green had not set forth sufficiently a claim for relief under section 2255.

On December 15, 1997, the district court summarily denied Green's motion for an extension of time on the grounds that Green's time to move pursuant to section 2255 had expired on July 29, 1995, one year after his conviction in the district court became final. Because Green had filed his first motion for an extension of time on June 10, 1997, the district court held that Green's time to file had lapsed and accordingly, that it was without jurisdiction to consider Green's motion.

On December 26, 1997, Green filed a timely notice of appeal. Green, incarcerated and *pro se*, tried for over two years to obtain appellate review of the district court's denial of his motion. On March 1, 2000, we granted Green a certificate of

---

**2.** Both Green and the government cite March 29, 1996 as the date on which we affirmed Green's conviction. That decision is dated March 27, 1996. *See Workman*, 80 F.3d at 688. The two day discrepancy does not alter our analysis.

appealability and ordered assignment of appellate counsel. This appeal followed.

## DISCUSSION

■ The questions authorized by the certificate of appealability are questions of law, which we review *de novo*. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir.), *cert. denied*, 531 U.S. 956, 121 S.Ct. 378, 148 L.Ed.2d 292 (2000).

### A. Whether a District Court Can Grant an Extension of Time to File a Section 2255 Motion

In answering the first question, we look to two of our prior decisions. In *United States v. Leon*, 203 F.3d 162 (2d Cir.2000) (per curiam), we held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *Id.* at 164. Prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." *Id.; see also, e.g., United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (reaffirming the principle that "a federal court [lacks] the power to render advisory opinions" (quotation marks omitted)).[3]

Green has not yet filed a section 2255 motion with the district court. We concluded, in *Leon*, that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court and this court may consider his argument that such a petition should be considered timely." 203 F.3d at 164. Ordinarily, therefore, a federal court would not have jurisdiction to consider Green's motion to extend time.

■ Less than two weeks after we granted the certificate of appealability, we decided *Smith v. McGinnis*, 208 F.3d 13 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). In *Smith*, we "join[ed] our sister circuits" in holding that the AEDPA's "one-year period [under 28 U.S.C. § 2244] is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period." *Id.* at 17 (citing *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir.1998) (en banc)). We hold that the one year deadline the AEDPA imposed on the filing of section 2255 petitions similarly established a statute of limitations and is not a jurisdictional bar. *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir.1999) (noting that "[s]ection 2255 refers to the time limit as a 'period of limitation' and as a 'limitation period' "). We cautioned in *Smith*, however, that "[e]quitable tolling applies only in ... rare and exceptional circumstance[s]," *Smith*, 208 F.3d at 17 (internal quotation marks omitted), and only where the defendant has "acted with reasonable diligence throughout the period he seeks to toll." *See id.* (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)); *see also Valverde v. Stinson*, 224 F.3d 129, 133–36 (2d Cir.2000) (conducting equitable tolling analysis with respect to an untimely section 2254 petition); *Warren v. Garvin*, 219 F.3d 111, 113–14 (2d Cir.2000) (same).

■ Two principles emerge from our decisions in *Leon* and *Smith*: a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) "rare and exception-

---

**3.** Our jurisdiction vested when the Court granted Green a certificate of appealability. *See Soto v. United States*, 185 F.3d 48, 52 (2d Cir.1999) ("[A] certificate of appealability [even if] issued erroneously nevertheless suffices to confer appellate jurisdiction under § 2253.").

al" circumstances warrant equitably tolling the limitations period.

B. *Whether a Timely Motion for Extension of Time Can Be Construed as a Section 2255 Motion for Purposes of Timeliness under the AEDPA*

█ It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read "to raise the strongest arguments that they suggest." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (quotation marks omitted); *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (holding that the allegations in a *pro se* complaint are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"); *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir.1996) (per curiam) (*pro se* supplemental brief "substantially constitutes the motion envisioned by § 2244(b)(3)(A), and will be treated as satisfying the motion requirement").

█ We see no reason why the general rule should not apply to *pro se* motions filed pursuant to section 2255. Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* to treat that motion as a substantive motion for relief under section 2255. *See Fleming v. United States,* 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (holding that a district court must review *pro se* petitions "with a lenient eye, allowing borderline cases to proceed") (quoting *Williams v. Kullman,*

722 F.2d 1048, 1050 (2d Cir.1983)); *cf. United States v. Ben–Shimon,* 249 F.3d 98, 103–04 (2d Cir.2001) (per curiam) (general objection of *pro se* defendant at sentencing should have been construed liberally for preservation purposes). In so holding, we note that the reference in the second certified question to a "timely motion for extension of time" is irrelevant to our holding. Irrespective of *when* a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255. If it does, the district court should construe it as such, and then decide whether the motion is timely. If it does not, the district court has no jurisdiction under *Leon* to consider the motion.[4]

Although we reject the government's sweeping contention that a motion to extend time can never be converted into a substantive motion under section 2255, the government's argument is persuasive with respect to Green's filings. A motion under section 2255 must "specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rules Governing Section 2255 Proceedings, Rule 2(b); *see United States v. Horvath,* 157 F.3d 131, 132–33 (2d Cir.1998) (per curiam) (facts supporting claimed error need only be set forth generally).

█ Courts are often called on to determine whether a moving party's generalized

---

4. If the district court decides to construe a motion for extension of time as a substantive section 2255 motion, the court should notify the movant of the consequences of the court's action and offer the movant the opportunity to withdraw the motion rather than have the court consider it as a request for relief under

section 2255. The notice to the movant should describe the limitations placed by the applicable rules on amending a section 2255 motion, and the potentially adverse effects if the motion is denied with prejudice and the movant then faces the stringent limits on second or successive section 2255 motions.

allegations are sufficient to meet the requirements of section 2255. *See, e. g., United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987) (holding that a section 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements"). Here, however, Green's June 10, 1997 and September 15, 1997 requests for an extension of time do not contain a single reference to any cognizable claim under section 2255. Nor does Green's November 18, 1997 motion to treat his prior motion as a section 2255 motion. Accordingly, because Green had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion. *See, e. g., Barnett v. United States*, 870 F.Supp. 1197, 1201 (S.D.N.Y. 1994) ("Although district courts employ substantial leniency in interpreting motion papers that *pro se* petitioners submit, it is simply impossible for this Court to determine whether petitioner has made out a case for relief on these six claims because petitioner has failed to state both the grounds on which relief is requested and any facts that would substantiate these grounds.").

### C. *When Does a Conviction Become Final Under Section 2255?*

The government argued before the district court that Green's conviction had become final for purposes of the AEDPA on March 29, 1996, when we upheld his conviction on direct appeal. The district court held that Green's conviction became final when it was entered by the trial court on July 29, 1994. Neither the government's prior position nor the district court's holding on this point was correct.

■ Since the district court issued its order denying Green's motion as untimely, we have held that a prisoner's conviction becomes final under section 2255 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of *certiorari*. *See Leon*, 203 F.3d at 163. Therefore, Green's conviction became final on October 21, 1996 when the United States Supreme Court denied his petition for a writ of *certiorari*. He had until October 21, 1997 to move for relief under section 2255. Green filed his motion to extend time, dated June 10, 1997, and renewed it on September 15, 1997, well before the deadline. Accordingly, the district court's determination that any section 2255 motion filed by Green after July 29, 1995 would have been time-barred was erroneous.

### D. *The Government's Waiver of its Statute of Limitations Defense*

On appeal, the government concedes that it and the district court erred in determining when Green's conviction became final and that this Court should remand to allow Green the opportunity to move under section 2255. The government suggests, however, that we allow Green only thirty days within which to file and that we restrict his arguments to "those previously raised by appellant in his pleadings filed below." [5] Green counters that the statutory time period should be equitably tolled from the date of his initial motion to extend time, June 10, 1997, leaving him 133 days to move. *See, e. g., Smith*, 208 F.3d

---

**5.** Specifically, the government argues that Green should be limited to the allegations asserted in his November 18, 1997 motion to treat his motion to extend time as a motion under section 2255 before the district court, and his March 16, 1998 and November 10, 1998 motions before this Court. In these post-deadline filings, unlike in his pre-deadline requests for an extension, Green advanced substantive arguments for relief under section 2255.

at 17 (holding that AEDPA's time limitation may be equitably tolled where "extraordinary circumstances" prevent petitioner from filing a timely petition and where petitioner acts with reasonable diligence).

We do not reach Green's arguments regarding equitable tolling because (1) Green has not filed a motion for relief under section 2255 as required under *Leon*, and (2) such a discussion is not contemplated by the certificate of appealability. *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required" for appellate review under the AEDPA.); *see also Armienti v. United States*, 234 F.3d 820, 824 (2d Cir.2000) ("We will not address a claim not included in the certificate of appealability."). Accordingly, we have no jurisdictional basis to address Green's equitable tolling arguments.

Nevertheless, in its brief, the government expressly waives its statute of limitations defense by advocating a remand and "suggesting" the conditions for that remand. *See, e. g., United States v. Gould*, 1997 WL 535821, at *4 (E.D.Pa. July 29, 1997) ("[T]he limitations period in AEDPA is a statute of limitations subject to tolling and waiver. Because the government has waived the statute of limitations defense, the court will proceed to evaluating the merits of the defendant's motion."). During oral argument, the government confirmed that it had waived its statute of limitations defense and was "leaving it to [the Court] to fashion what's fair."

▆▆▆ In light of the government's concession, the clear error made by both the government and the district court and the fact that Green is incarcerated, we believe that Green should be given sixty days from the date this decision becomes final to move the district court for relief under section 2255. Further, we find no rational basis for the government's desire to limit the grounds upon which Green may rely in support of such a motion.

## CONCLUSION

We vacate the judgment of the district court but do not remand because our jurisdiction ends with our decision on the issues presented in the certificate of appealability. We assume, however, that, by the government's offer, it has committed itself to waive its statute of limitations defense to Green's filing a section 2255 motion within 60 days from the date this decision becomes final without limitation as to the claims Green may assert therein.

KEARSE, Circuit Judge, concurring in the vacatur:

I concur in much of the majority opinion and in the judgment, but I reach the ultimate result by a route different from that taken in Part D of the Discussion section of that opinion. I would not only vacate the order denying petitioner Donald Green's extension motions for untimeliness, I would also apply the doctrine of equitable tolling to treat the extension motions as a motion for relief under 28 U.S.C. § 2255 and, as a matter of equity, give him 60 days in which to file an amended motion that states one or more claims under that section.

I agree with the majority that a motion for an extension of time to seek relief under § 2255 (a motion over which the court has no subject matter jurisdiction prior to the filing of a § 2255 motion, *see United States v. Leon*, 203 F.3d 162, 164 (2d Cir.2000)), may, in appropriate circumstances, be treated as a § 2255 motion itself. I also agree that the extension motions filed in this case did not contain allegations sufficient to state a § 2255

claim. However, given (a) that Green's time to move under § 2255 had not expired when he made his extension motions, (b) that Green later asked that his extension motions be treated as a § 2255 motion, and (c) that his time to move expired during lengthy delays by the government and the district court in the course of reaching their respective erroneous conclusions that Green's deadline had already passed, I would, as a matter of equity, treat the extension motions as a § 2255 motion and allow its amendment in order to state a claim.

I view this case as an appropriate one for application of equitable tolling—a principle we have indicated may be applied to the filing of a § 2255 motion, *see generally Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (so ruling as to petition under 28 U.S.C. § 2254), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000)—for the following reasons. As a matter of law, where a defendant has unsuccessfully petitioned for *certiorari*, his time to file a § 2255 motion expires one year after the *certiorari* denial. *See* 28 U.S.C. § 2255; *United States v. Leon*, 203 F.3d at 163. In Green's case, the Supreme Court denied *certiorari* on October 21, 1996. His one-year § 2255 deadline thus was October 21, 1997, and his June 10, 1997 extension motion was filed four months prior to that deadline. Had the district court ruled promptly on that extension motion, or had it promptly dismissed the motion for lack of a case or controversy (anticipating our subject matter jurisdiction ruling in *Leon*), Green would have had ample time to file the § 2255 motion itself before the October 21 deadline.

In fact, however, action on Green's extension motion was quite delayed. On June 25, 1997, some two weeks after receiving Green's motion, the district court asked the government for its "immediate" view as to whether the motion should be granted. The government *did not* respond, however, until September 25, *i.e.*, three months later. And the position taken by the government was erroneous, arguing that Green's time to move under § 2255 had expired in May 1997, one year after this Court's affirmance of his conviction, rather than in October 1997, one year after the Supreme Court's denial of *certiorari*.

Further, if the district court, after receiving the government's response, had quickly acted on Green's extension motion—either denying it or dismissing it for lack of jurisdiction—Green would have had some four weeks in which to file a timely § 2255 motion. However, the district court did not deliver its decision until December 15, 1997, nearly three months after receiving the government's response. And the court's ruling, though rejecting the government's erroneous view as to Green's deadline, was itself erroneous, stating that Green's § 2255 deadline had passed in July 1995, one year after the district court's entry of the judgment of conviction. By the time the court rendered its decision on Green's extension motion in December 1997, his actual October 1997 deadline for filing a § 2255 motion had passed.

In sum, the government and the district court combined to consume more than six months in addressing Green's motion. Perhaps their pace was slow because of their respective views that Green's time to file a § 2255 motion had expired even before he requested an extension. If either of their views had been correct, I would see no basis for equitable tolling. But given their errors, I do not think their slow pace should be allowed to prejudice Green.

Further, it appears to me that Green acted with reasonable diligence in attempting to pursue relief under § 2255. He did

not wait until close to his October 21, 1997 deadline to request an extension; his extension motion was made on June 10, 1997. When he had heard nothing from the court on that motion for some three months, he moved again for an extension on September 15, 1997, more than a month prior to his deadline. After the government filed its response to Green's extension motions on September 25, Green immediately filed a reply on September 30, arguing that he had until October 1997 to move under § 2255. Finally, after seven more weeks with no decision from the court, Green asked the court on November 18, 1997, to treat his prior extension motions as a § 2255 motion.

Although the circumstances of this case do not entirely parallel those in which equitable tolling has previously been applied, equity need not be formulaic. The circumstances here—in which (a) the defendant timely and repeatedly sought to protect his right to file a § 2255 motion, (b) the government's (erroneous) response was delayed, and (c) the court's (erroneous) decision was further delayed—seem to me extraordinary and to warrant equitable tolling.

I do not concur in the majority's view that we cannot apply equitable tolling here because the certificate of appealability granted for this appeal does not mention that concept. One of the questions certified was "whether a timely motion for extension of time can be construed as a § 2255 motion for purposes of timeliness under the AEDPA." I regard that question as sufficiently broad to allow this Court to determine what remedy to order if the treatment that the district court accorded the extension motion was erroneous.

Nor do I believe, as the majority opinion suggests, that we may grant equitable relief here only because the government has

offered to waive the statute of limitations, a defense that it is now in position to assert only because of the delayed treatment of Green's motion.

In sum, I think this is one of those rare and exceptional cases in which equitable tolling is appropriate.