**Thomas D. CLANCY, Petitioner–Appellant,**

v.

**COMMISSIONER OF CORRECTIONAL SERVICES, New York State, Respondent–Appellee.**

**No. 00–2624.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2002.

Irving Anolik, New York, NY, for Appellant.

Susan Axelrod, Assistant District Attorney; Morrie I. Kleinbart, Assistant District Attorney, on the brief, for Robert M. Morgenthau, District Attorney, New York County, New York, NY, for Appellee

Present LEVAL, CABRANES, and STRAUB Circuit Judges.

SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner Thomas D. Clancy appeals from the judgment of the United States District Court for the Southern District of New York (John E. Sprizzo, *J.*), denying his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Clancy seeks to vacate his 1992 New York state conviction for assault in the first and second degrees. First, he claims that the prosecutor intentionally presented false evidence at trial in order to suggest that a defense witness, William Patrick Carroll, lied about his presence at the site of the incident. Second, he asserts that the prosecutor acted deceptively in withholding a W 4 form faxed by Nastasi & White Construction Company for a different William Carroll. Third, he argues that at trial the prosecutor provided defense counsel with a spurious document, falsely represented to be a true copy of the defense witness's payroll record. Finally, Clancy contends that the prosecution withheld an arrest record containing potentially exculpatory information and that the trial court impermissibly refused to authorize the recording of sidebar conversations.

As to the first claim, we find no reason to believe that the prosecutor's confusion over the two workers at the site both named William Carroll was the result of bad faith. Clancy's conviction, therefore, can be reversed only if, but for the mistakes, he "would most likely not have been convicted." *United States v. Gallego,* 191 F.3d 156, 162 (2d Cir.1999), *cert. denied,* 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000). The prosecutor impeached Carroll's testimony in a number of other ways, including his inability to describe any of the elevator passengers, his identification of the wrong elevator, his friendship with Clancy's father, and his prior conviction for robbery. Moreover, the state presented powerful independent evidence of Clancy's guilt. The misleading testimony elicited by the prosecutor could not have affected the verdict.

We find no merit to Clancy's claim that the prosecutor withheld the Nastasi & White W 4 form. We agree with the district court's conclusion that there was no evidence that the prosecutor was aware of the potential significance of the W–4 form or intentionally withheld it. *See Clancy v. Comm'r of Corr. Servs.,* No. 94–1904, slip op. at 1 (S.D.N.Y. Aug. 3, 2000) (adopting report and recommendation of magistrate judge concluding that no evidence showed prosecutor withheld W–4 form).

As to Clancy's claim that the prosecutor doctored the payroll record exhibit, we find no basis for it. We reject this claim for substantially the reasons set forth in the district court's first opinion on Clancy's petition. *See Clancy v. Comm'r of Corr. Servs.,* 956 F.Supp. 490, 501 (S.D.N.Y. 1997).

Finally, we dismiss Clancy's remaining claims because they were not included within the certificate of appealability. *See Green v. United States,* 260 F.3d 78, 85 (2d Cir.2001).

For the foregoing reasons, the judgment of the district court is AFFIRMED.