Gregory WARREN, Plaintiff–Appellant,

v.

Glenn S. GOORD, Defendant–Appellee.

No. 02–0334.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Gregory Warren, for Appellant, pro se.

Marion R. Buchbinder, Assistant Solicitor General, New York, NY, for Appellee.

Present: OAKES, POOLER, and WESLEY, Circuit Judges.

SUMMARY ORDER

Gregory Warren, an inmate in the custody of the NYS Department of Correctional Services ("DOCS"), appeals from a judgment dismissing, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, his Section 1983 claims against DOCS and

eleven prison officials. Campbell's claims are based on alleged violations of Title II and Title V of the Americans With Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the First Amendment, the Equal Protection Clause of the United States Constitution, and the New York State Constitution.

Familiarity is assumed as to the facts, the procedural context, and the specifications of appellate issues. Generally, Warren claims that the Defendants infringed on his rights by limiting his access to personal television, food packages, and commissary while he was incarcerated in a hospital facility.

The parties agreed to proceed before a magistrate judge and the Defendants filed a Rule 12(b)(6) motion to dismiss. The magistrate judge dismissed a number of Campbell's claims, including his discrimination claim under the Rehabilitation Act, 29 U.S.C. § 794(a), his First Amendment retaliation claim against the employees of the Wende Correctional Facility in their individual capacities, and his ADA retaliation claim against the employees of the Wende Correctional Facility in their individual and official capacities. Defendants then filed a motion for summary judgment on the remaining claims, which was granted by the magistrate judge.

While we agree with the magistrate judge that some of Warren's claims are properly dismissed, we find that three of Warren's claims were not properly dismissed pursuant to Rule 12(b)(6). First, the magistrate judge dismissed Warren's discrimination claim under the Rehabilitation Act based on the finding that the ADA did not abrogate sovereign immunity. While this Court has held that New York did not waive its sovereign immunity under Section 504 of the Rehabilitation Act, this holding was based on the fact that at the time the funds were accepted, it was

assumed that Congress had abrogated New York's sovereign immunity. *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98. 114 (2d Cir.2001). Thus, we vacate and remand the dismissal of the Rehabilitation Act claim and the magistrate judge should determine whether New York had waived its sovereign immunity under the Rehabilitation Act during the period of the dispute that it was accepting federal funds.

Second, the magistrate judge dismissed Warren's constitutional retaliation claims, finding that no such cause of action exists under the Equal Protection Clause. However, Warren's complaint states the elements of a First Amendment retaliation claim. Our Court construes *pro se* civil rights complaints liberally. *Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001). Thus, we vacate and remand the dismissal of the constitutional retaliation claim and the magistrate judge should construe Warren's Equal Protection retaliation claim to be a First Amendment retaliation claim and proceed accordingly.

Third, the magistrate judge dismissed Warren's ADA retaliation claims based on the assumption that the ADA generally does not allow suits against individuals. However, it has never been established in this Circuit that Congress did not validly abrogate state immunity in passing Title V of the ADA. As a result, we vacate and remand the dismissal of the ADA retaliation claims so that the magistrate judge can determine whether a claim may be brought under Title V of the ADA against defendants in their official or individual capacities.

Finally, we affirm the magistrate judge's dismissal of Warren's ADA discrimination claims, Equal Protection discrimination claims against individuals in their official capacities, Equal Protection claims against

individuals in the individual capacity, and New York State constitutional discrimination claims. We further affirm the magistrate judge's grant of summary judgment in favor of the Defendants on Warren's remaining Equal Protection claims. In addition, we order that an attorney be appointed for Goord to brief the issues we reinstate.