**Barbara A. MAHON, Plaintiff–Appellant,**

v.

**STAFF LINE, INC., in collusion with other entities and persons, Cambridge Consulting Group Com, in collusion with other entities and persons, Defendants–Appellees.**

No. 03–7851.

United States Court of Appeals, Second Circuit.

June 10, 2004.

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Lynch, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Barbara Mahon, Beacon, New York, (on submission), for Appellant, pro se.

Joseph M. Martin, Jackson Lewis, LLP, (Jonathan M. Kozak, on the brief), White Plains, New York, (on submission), for Appellee.

PRESENT: JAMES L. OAKES, BARRINGTON D. PARKER, Circuit Judges and EDWARD R. KORMAN, District Judge.*

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

SUMMARY ORDER

Barbara A. Mahon, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Lynch, J.) dismissing her civil rights complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

In February 2003, Mahon filed an amended complaint alleging, *inter alia,* that Staff Line Inc. and Cambridge Consulting Group Com (collectively, the "defendants") offered her a permanent position of employment contingent on her signing an arbitration agreement, which would have required her to arbitrate any dispute with her employers, including disputes under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Mahon argued below, as she does on appeal, that conditioning her employment on signing an arbitration agreement that limited her right to sue under Title VII was itself a Title VII violation. In support of this proposition, Mahon argues that the Ninth Circuit case, *Duffield v. Robertson Stephens & Co.,* 144 F.3d 1182 (9th Cir. 1998), *overruled EEOC v. Luce, Forward, Hamilton & Scripps,* 345 F.3d 742 (9th Cir.2003) (en banc), which held that Congress intended to preclude compulsory arbitration in Title VII suits, applies by analogy and should be followed in this Circuit. Mahon also argues that the arbitration clause rendered the proffered contract unconscionable. We affirm the district court's judgment.

We review *de novo* a district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), accepting the allegations in the complaint as true, and construing all reasonable inferences in plaintiff's favor. *See Gant v. Wallingford*

the Eastern District of New York, sitting by designation.

*Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995).

■ In *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 201–02, 205 (2d Cir.1999), we explicitly rejected the Ninth Circuit's holding in *Duffield,* 144 F.3d 1182, and held that pre-dispute mandatory arbitration agreements are not unlawful under Title VII. Indeed, the Ninth Circuit itself has now come to the same conclusion, and has overruled *Duffield. See Luce,* 345 F.3d at 749 (finding that "[a]ll of the other circuits have concluded that Title VII does not bar compulsory arbitration agreements"). Mahon argues that *Desiderio* is inapposite because the plaintiff there was an investment banker whose income was substantially larger than hers. However, income disparity does not remove Mahon's case from the broader proposition established in *Desiderio* that such arbitration agreements do not violate Title VII.

■ Insofar as Mahon's brief on appeal may be construed as asserting that the proffered contract is unconscionable, *see, e.g., Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001)("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."), we find such an argument unavailing for several reasons: First, as the district court found, the dismissal of her federal claims at the pleading stage entails the dismissal of her pendant state law claims. *See* 28 U.S.C. § 1367(c)(3). Next, she lacks standing to raise the claim because she never entered into the contract. Finally, we also rejected such a claim in *Desiderio,* 191 F.3d at 207.

Accordingly, the judgment of the district court is AFFIRMED.