08-5091-cv
Kilgore v. Kaufman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:

JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
  *Circuit Judges*,
STEFAN R. UNDERHILL,[*]
  *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STEVEN M. KILGORE,

  *Plaintiff-Appellant*,

  v.                                                    08-5091-cv

POLICE OFFICER KAUFMAN, POLICE OFFICER DAWN DALY, POLICE OFFICER LANE, SCHROADER, MARTIN JUDGE, CITY OF SYRACUSE,

  *Defendants-Appellees*,

OTHER MEMBERS OF SYRACUSE POLICE DEPARTMENT,

  *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**           Steven Kilgore, *pro se*, Dannemora, NY.

**FOR APPELLEES:**           Rory A. McMahon, Corporation Counsel, City of Syracuse (Joseph R. H. Doyle, Assistant Corporation Counsel, *of counsel*), Syracuse, NY.

---

[*] The Honorable Stefan R. Underhill, of the United States District Court of the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**, in part, **VACATE**D, in part, and the cause **REMANDED** to the District Court.

Plaintiff-appellant Steven Kilgore, *pro se*, appeals from a September 25, 2008 judgment of the District Court, granting defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds of qualified immunity and dismissing plaintiff's complaint with prejudice. On appeal, plaintiff argues that the District Court erred in granting defendants' motion to dismiss because (1) the District Court did not accept all factual allegations as true and did not draw all reasonable inferences in his favor and (2) the District Court improperly concluded that Kilgore failed to allege malice in Second Amended Complaint.[1] We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d. 87, 98 (2d Cir. 2007).

First, we consider Kilgore's assertion that the District Court failed to accept all factual allegations in the complaint as true and draw all reasonable inferences in his favor. Here, there was a clear factual dispute over whether the door to Kilgore's apartment was locked. Kilgore's Second Amended Complaint alleges that "[t]he lock on plaintiffs [sic] apartment door was broken as if entry had been made by force." Appellee's App. at 22. The District Court, however, found that "the door was slightly ajar, open approximately 1 ½ [inches] to 2 [inches]," relying on Officer Kaufman's testimony presented at a hearing held in New York state court pursuant to *Mapp v. Ohio*, 367 U.S. 643 (1961), the transcript of which was appended to the Second Amended Complaint. *Kilgore v. Kaufman*, 06-cv-612, at 3 (N.D.N.Y. Sept. 25, 2008). The District Court then relied on the fact that the door was slightly ajar in determining, based on a totality of the circumstances, that it was reasonable for Officer Kaufman to conclude that exigent circumstances permitted him to enter Kilgore's apartment without a warrant. This was improper.

Whether the door was locked or ajar affects whether it was reasonable for Officer Kaufman to enter Kilgore's apartment. If the door was locked—as Kilgore asserts—a court may find it incredible that Officer Kaufman heard someone "gasping for air." *Id.* This would then undermine one aspect in the District Court's balancing of factors in finding that exigent circumstances justified Kaufman's warrantless entry. More generally, whether the door was locked may affect the outcome of the multi-

---

[1] The District Court also dismissed Kilgore's claims against the City of Syracuse as inadequately pleaded and his Eighth Amendment claims against all defendants. Because Kilgore does not challenge these dismissals on appeal, we consider those claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

factor balancing test the District Court applied.  Not only did the District Court fail to infer in favor of Kilgore that the door was locked, but this failure likely affected the District Court's conclusion on the question of probable cause, and therefore also the question of qualified immunity.  Accordingly, we conclude that the District Court erred in dismissing Kilgore's claims of false arrest and various Fourth Amendment violations.

Next, Kilgore argues that the District Court erred in concluding that the Second Amended Complaint failed to allege malice and, therefore, dismissing Kilgore's claim of malicious prosecution. The District Court concluded that "Kilgore failed to allege [in the Second Amended Complaint] that defendants acted with malice." *Kilgore*, 06-cv-612, at 15 (N.D.N.Y. Sept. 25, 2008).  Construing these *pro se* pleadings liberally, *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), we conclude that Kilgore did assert that the defendants acted with malice simply by stating a claim for malicious prosecution. Accordingly, we vacate the District Court's dismissal of plaintiff's malicious prosecution claim and remand the cause to the District Court.  On remand, the District Court may wish to consider if Kilgore's pleadings meet the requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and, if the District Court determines that the pleadings do not meet this standard, it may wish to consider any motion Kilgore may submit seeking leave to replead.

## CONCLUSION

For the reasons stated above, we conclude as follows:

(1) Kilgore abandoned his claims against the City of Syracuse and his claims against all defendants under the Eighth Amendment because he failed to challenge them on appeal;

(2) The District Court erred in dismissing plaintiff's claims of false arrest and various Fourth Amendment violations;

(3) The District Court erred in dismissing Kilgore's claims of malicious prosecution for failure to assert that defendants acted with malice.

Accordingly, the judgment of the District Court is **AFFIRMED**, insofar as it dismissed plaintiff's claims against the City of Syracuse and his claims against all defendants under the Eighth Amendment.  The judgment of the District Court is **VACATED**, insofar as it dismissed plaintiff's claims of false arrest, various Fourth Amendment violations, and his claims against all defendants for malicious prosecution, without prejudice to possible reconsideration of this issue as a result of a motion for summary judgment, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk