United States v. Lochard

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fourteen.

PRESENT: DENNY CHIN,
         SUSAN L. CARNEY,
         CHRISTOPHER F. DRONEY,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 Appellee,

        -v.-                                    12-5115

JEFFREY LOCHARD,
                 Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                MICHAEL P. CANTY, Assistant United
                             States Attorney (Susan Corkery,
                             Assistant United States Attorney,
                             on the brief), for Loretta E.
                             Lynch, United States Attorney for
                             the Eastern District of New York,
                             Brooklyn, New York.

FOR DEFENDANT-APPELLANT:     BRENDAN WHITE, White & White, New
                             York, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED** and the case is **REMANDED** solely with respect to the issue of restitution to the extent set forth below.

Defendant-appellant Jeffrey Lochard appeals from the district court's November 28, 2012 order denying his pro se motion to amend or correct the judgment that was entered after he pled guilty to one count of access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2), (c)(1)(A)(i).  On April 11, 2012, the district court sentenced Lochard to thirty-six months' imprisonment, two years' supervised release, and a $100 special assessment.  Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, 3664 (the "MVRA"), the district court ordered restitution in the amount of $108,268; the judgment did not set forth a payment plan or provide for the waiver of interest.  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Lochard was serving his sentence at the Federal Corrections Institution in Glenville, West Virginia, when he received a letter from the government dated May 9, 2012, informing him that payment in full of restitution was due immediately and that interest would accrue on any unpaid

balance.  Lochard wrote to the district court on October 11, 2011 seeking a payment schedule; the government opposed this request by letter dated October 24, 2012.  On November 19, 2012, Lochard filed a pro se motion for modification of the judgment under 18 U.S.C. § 3582(c)(1)(B).  He specified that the sole modification sought was a payment schedule.  The district court denied the motion by memorandum endorsement on November 28, 2012.

Three issues are presented on appeal:  first, whether the appeal is time-barred; second, whether the district court had jurisdiction to consider Lochard's motion to modify; and third, whether the district court abused its discretion in denying Lochard's motion to modify the restitution award to set forth a payment schedule for restitution.

1.    **Timeliness**

The government argues that the appeal is time-barred because the judgment was filed on April 30, 2012 and Lochard did not "file" his notice of appeal until December 11, 2012, when he mailed the notice of appeal from prison.  See Fed. R. App. P. 4(b)(1)(A)(i), 4(c)(1) (requiring notice of appeal to be filed within 14 days of final judgment, and providing that inmate's notice of appeal is timely if deposited in institution's internal mail system on or before last day for filing).  But Lochard does not appeal the underlying April 30, 2012 judgment.

- 3 -

Rather, as set forth in the notice of appeal, Lochard is appealing the district court's November 28, 2012 order that denied Lochard's November 19, 2012 _pro se_ motion for modification of judgment pursuant to 18 U.S.C. § 3582(c)(1)(B). Lochard's appeal was thus timely filed.

2. **Jurisdiction**

The government next argues that the district court lacked jurisdiction to entertain Lochard's _pro se_ motion. We disagree. While it is true, as the government notes, that "§ 3582 provides for judgment modification only to the extent 'expressly permitted by statute' or by Rule 35," here Lochard is not seeking modification of "an imposed term of imprisonment" under § 3582, but rather, he is seeking modification of the terms of his payment of restitution. A modification of the terms of payment of restitution is not a modification in sentence. _See_ _United States v. Kyles_, 601 F.3d 78, 83-84 (2d Cir. 2010) (holding that as long as amount of restitution remains same, alteration in terms of repayment does not alter sentence).

While Lochard's _pro se_ request was made under 18 U.S.C. § 3582(c)(1)(B), the authority to impose or modify a restitution schedule post-sentence stems from 18 U.S.C. § 3664 and its antecedents. _See_ _Kyles_, 601 F.3d at 83, 86. Because _pro se_ litigants are generally entitled to liberal construction

of their pleadings, however, Lochard's motion should be analyzed under 18 U.S.C. § 3664. See Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest.") (internal quotation marks omitted).

In Kyles, we held that 18 U.S.C. § 3663(f) permitted the district court to modify an incarcerated defendant's restitution payment schedule five years after the order of restitution was filed, "identify[ing] no legitimate expectation of finality in a particular payment schedule." 601 F.3d at 84. Lochard's motion for a restitution payment schedule, filed seven months after his judgment of sentence, was properly before the district court. We therefore reject the government's argument that the district court lacked jurisdiction to consider a request for a restitution payment schedule.

From the record before us, we cannot discern whether the district court denied Lochard's pro se motion because it believed that it lacked jurisdiction. That would have been error, but we are unable to tell whether that is what happened. On this basis alone, we would vacate the district court's denial of Lochard's pro se request. See United States v. Smith, 174 F.3d 52, 59 (2d Cir. 1999) (remanding district court's sentencing determination for additional findings because if

- 5 -

could not "determine from the record the basis of the district court's ruling") (citing United States v. Reed, 49 F.3d 895, 901 (2d Cir. 1995)).  But there is also uncertainty, even assuming the district court reached the merits.

3.    **The Merits**

Kyles was decided under the Victim and Witness Protection Act ("VWPA"), not the MVRA, which is at issue here.  The MVRA codified the district court's authority to modify restitution payment schedules at 18 U.S.C. § 3664.  Unlike the VWPA, however, the MVRA includes an express provision that if a defendant experiences "a material change in [his] economic circumstances," the district court may "adjust the payment schedule" of a restitution order "as the interests of justice require."  18 U.S.C. § 3664(k).

Under the MVRA, therefore, a district court may adjust a payment schedule when a defendant demonstrates that his ability to pay restitution has changed.  See United States v. Grant, 235 F.3d 95, 99-101 (2d Cir. 2000) (affirming district court's order under § 3664(k) requiring defendant to make restitution payments while in prison, upon discovery of additional funds in defendant's inmate account).  Here, it is unclear whether the district court denied Lochard's motion on the ground that Lochard failed to demonstrate a change in economic circumstances as provided for in § 3664(k) or whether

the district court even considered the question.  Lochard's pro se motion for a payment schedule was denied simply with a check mark next to the box "denied" in a rubber-stamped memorandum endorsement.  Such a denial does not permit us to draw any conclusions about the district court's rationale.

Nor can we discern whether the district court denied Lochard's application because it believed that § 3664(k) precluded the imposition of a payment schedule absent a change in economic circumstances.  This is an open question and we leave it to the district court to resolve this issue in the first instance if it determines it needs to reach the issue. See, e.g., United States v. Bowles, No. 98 Cr. 1281 (DLC), 2003 WL 21396691, at *1 (S.D.N.Y. June 16, 2003) (granting defendant's request to suspend restitution payments for duration of defendant's prison term because his "physical and mental health problems [which he suffered from at sentencing but failed to disclose to the district court] prevented him from being able to work while incarcerated"); see also United States v. Brennan, 650 F.3d 65, 135-36 (2d Cir. 2011) (noting "better practice" is to remand case for district court to make factual determinations that may "avoid[] unnecessary . . . adjudication").

In light of Lochard's pro se status, on remand the district court shall accord Lochard the opportunity to be heard with respect to these issues.  We therefore vacate the district

court's denial of Lochard's motion and remand so that the district court may consider (1) whether Lochard has demonstrated or can demonstrate a change in economic circumstances as contemplated by § 3664(k), and (2) whether the district court can nonetheless impose a restitution schedule absent any such showing.

We have considered the government's remaining arguments and find them to be without merit. Accordingly, we **VACATE** and **REMAND** for the district court to consider Lochard's motion anew.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk