22-68-pr
*Johnson v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-three.

Present:

> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.[*]

---

MARVIN JOHNSON,

> *Petitioner-Appellant*,

v.                                                          22-68-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

---

| | |
|---|---|
| For Petitioner-Appellant: | Jonathan I. Edelstein, Edelstein & Grossman, New York, NY |
| For Respondent-Appellee: | Amy Busa, Robert Polemeni, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY |

---

[*] Judge Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Petitioner-Appellant Marvin Johnson appeals from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*), entered on November 18, 2021, denying Johnson's motion to vacate his conviction under 28 U.S.C. § 2255. Johnson was convicted after a jury trial of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), drug-related murder, in violation of 21 U.S.C. § 848(e)(1), Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a), conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and unlawful use of a firearm, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced him to concurrent terms of life imprisonment on each of the two murder counts and the drug distribution count. It also imposed a concurrent 20-year term of imprisonment for the Hobbs Act count and a consecutive 10-year term of imprisonment on the unlawful use of a firearm count, for a total sentence of life imprisonment plus 10 years. The district court denied Johnson's request for a certificate of appealability, but we granted a certificate limited to the issue of whether the district court erred in denying Johnson's § 2255 motion based on his claim that counsel was ineffective for not conveying a plea offer from the government, when the denial of that claim was based solely on Johnson's assertions of innocence and the district court did not first hold an evidentiary hearing or obtain affidavits from the government or defense counsel.

On appeal, the parties agree that the district court's order should be vacated and the case remanded so that the district court may either hold an evidentiary hearing or obtain affidavits from the government or Johnson's trial counsel to develop a factual record sufficient to resolve Johnson's ineffective assistance of counsel claim. We agree with the parties. The question authorized by the certificate of appealability is one of law, which we review *de novo*. *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013). To demonstrate ineffective assistance of counsel, a defendant must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) there is a "reasonable probability" that the deficient performance affected the case's outcome. *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). In the context of plea bargaining, regarding the first *Strickland* prong, defense counsel has a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," but if defense counsel fails to do so, consistent with the second *Strickland* prong, the defendant must still show that there is a reasonable probability that he would have accepted the plea offer and that the prosecution would not have canceled the offer or the trial court would not have refused to accept it. *Missouri v. Frye*, 566 U.S. 134, 144–49 (2012).

In determining whether this is a reasonable probability that the defendant would have accepted a plea offer that was not conveyed, as this Court has previously explained, an "insistence on . . . innocence," although a relevant factor, "is not dispositive." *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *see Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir. 2000). In other words, the district court could not reject Johnson's claim for ineffective assistance of counsel because it failed to satisfy the second *Strickland* prong based solely on Johnson's consistent professions of innocence. Accordingly, as the parties have urged, we conclude that the district

3

court must either hold an evidentiary hearing or obtain affidavits sufficient to determine: (1) whether a formal plea offer was made to Johnson's trial counsel, and if so, the contents of that plea offer and (2) if a formal plea offer was made, whether Johnson's trial counsel was constitutionally ineffective for failing to convey the plea offer to Johnson. *See Cullen*, 194 F.3d at 407.

*     *     *

For the reasons stated above, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4