22-3059-cv
*Jeffreys v. Deutsche Bank Trust Company et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-four.

PRESENT:
　　　　　　DEBRA ANN LIVINGSTON,
　　　　　　　　*Chief Judge,*
　　　　　　JOHN M. WALKER, JR.,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges.*
_____

Mr. Thomas J. Jeffreys,

　　　　　　*Plaintiff-Appellant,*

　　v.　　　　　　　　　　　　　　　　　　22-3059

Deutsche Bank Trust Company,
Americans For Rali 2004 Q512,
Ocwen Loan and Servicing, LLC,

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:** Thomas J. Jeffreys, pro se, Waterbury, CT.

**FOR DEFENDANTS-APPELLEES:** Marc James Ayers, Evan A. Ward, Bradley Arant Boult Cummings LLP, Birmingham, AL.

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarala V. Nagala, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Thomas J. Jeffreys, proceeding pro se, appeals from a judgment of the United States District Court for the District of Connecticut (Nagala, *J.*) dismissing his pro se "wrongful eviction" complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and denying his subsequent

2

motion for reconsideration. The instant litigation arises from a Connecticut state foreclosure action, in which Defendant-Appellee Deutsche Bank Trust Company ("Deutsche Bank") successfully foreclosed on Jeffreys's home, from which he was then evicted. Jeffreys filed a federal complaint in the District of Connecticut against Deutsche Bank and Ocwen Loan and Servicing, LLC ("Ocwen Loan and Servicing"), alleging wrongful conduct by several parties resulting in his eviction and challenging the state court's foreclosure judgment and eviction order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We consider questions of subject matter jurisdiction *de novo* and are not limited in our right to refer to any material in the record." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (internal quotation marks and citation omitted). Moreover, "we review a district court's denial of a motion for reconsideration for abuse of discretion and will affirm its decision unless the movant can point to controlling decisions or data that the district court overlooked." *See Contant v. AMA Cap., LLC*, 66 F.4th 59, 65 (2d Cir. 2023) (internal alteration, quotation marks, and citation omitted).

3

We agree with the district court that any direct challenge to the state foreclosure and eviction action is barred by the *Rooker-Feldman* doctrine, under which a party who lost in state court cannot seek appellate review in a United States district court. This is a "narrow" doctrine that applies only if a four-part test is met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter v. McMahon*, 75 F.4th 62, 68–69 (2d Cir. 2023) (internal citation omitted).

An independent review of the record shows that the district court properly dismissed Jeffreys's complaint for lack of subject matter jurisdiction as to his claims that directly challenged, and invited review of, the state judgment granting foreclosure and eviction. Jeffreys lost in state court, the main injury (loss of his home) was caused by the state court's foreclosure judgment, the central relief he sought was reversal of the state court's foreclosure judgment, and the judgment was final before he filed the district court action. Jeffreys's arguments to the contrary, which primarily dispute the finality of the state judgment, are

unavailing. Specifically, Jeffreys contends that the state judgment was not final because the trial judge made no certification of finality and the Chief Judge of the Connecticut Appellate Court did not concur. However, this argument misconstrues Connecticut Rule of Appellate Procedure § 61-4(a), which requires those steps only if a court wishes to certify a nonfinal judgment for immediate appeal. By its plain terms, § 61-4(a) does not apply to judgments that dispose of all claims against all parties. *See Ahern v. Bd. of Educ. of Reg'l Sch. Dist. No. 13*, 295 A.3d 496, 505 & n.12 (Conn. App. Ct. 2023) (discussing Connecticut's final judgment rule and the exception to that rule contained in § 61-4(a)).

While *Rooker-Feldman* bars those portions of the complaint that invite review and rejection of the state judgment, we are mindful of the obligation to afford liberal construction to a pro se complaint, reading it to raise "the strongest arguments that [it] suggest[s]," *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citation omitted). So construed, Jeffreys's complaint appears to raise claims against Deutsche Bank, state judges, and other unnamed individuals that would not require the district court to sit in a forbidden appellate capacity. For instance, Jeffreys seems to accuse certain defendants of misconduct in connection

5

with the then-ongoing state foreclosure proceeding, and claims he was evicted in violation of an alleged automatic stay.[1] *Rooker-Feldman* might not bar claims arising from alleged misconduct during the underlying state court litigation or in executing the state judgment. *See Hunter*, 75 F.4th at 67, 71–72 & n.12; *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641–42 (2d Cir. 2021).

Nevertheless, the circumstances of this case do not warrant remand as to those claims. On appeal, Jeffreys does not contend that the district court misconstrued his complaint and has therefore abandoned this argument. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se appellant's failure to raise an argument in his appellate brief resulted in waiver).

Finally, the district court appropriately denied Jeffreys's motion for reconsideration. In moving for reconsideration, Jeffreys failed to identify any "controlling decisions or data" that the district court overlooked in its initial dismissal of Jeffreys's complaint. *Contant*, 66 F.4th at 65 (internal citation omitted).

---

[1] We note that the record on appeal belies Jeffreys's claim that an automatic stay was in place, but we need not reach that question to resolve this appeal.

Accordingly, the district court did not err in dismissing the complaint or abuse its discretion in denying reconsideration.  We have considered Jeffreys's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7