**Bobby MITCHELL, Plaintiff–Appellant,**

v.

**The BROOKLYN HOSPITAL CENTER, Defendant–Appellee.**

**No. 04–5671–cv.**

United States Court of Appeals, Second Circuit.

May 29, 2009.

Noah Kinigstein, New York, NY, for Appellant.

James S. Frank, Epstein Becker & Green P.C., New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. JOHN G. KOELTL,* District Judge.

### SUMMARY ORDER

Appellant Bobby Mitchell, *pro se* at all stages except oral argument, appeals from the district court's grant of summary judgment dismissing his complaint, which alleged violations of Title VII, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We liberally construe appellate briefs submitted by *pro se* litigants, such as the briefs submitted by Mitchell, *see, e.g., Cosme v. Henderson,* 287 F.3d 152, 160 (2d Cir.2002), reading such submissions "to raise the strongest arguments they suggest," *Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001)(internal quotation marks omitted). "[A]lthough *pro se* litigants are afforded some latitude in meeting the rules governing litigation, ... [this Court] need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley,* 147 F.3d 207, 209 (2d Cir.1998) (per curiam).

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Accordingly, because Mitchell did not raise any issue with regard to the district court's dismissal of his claims, he has waived the ability to raise those issues on appeal.

To the extent Mitchell has not waived any of his claims, an independent review of the record and relevant case law reveals that the district court properly granted the Hospital's motion for summary judgment.

To the extent Mitchell argues on appeal that the Hospital's bifurcated classification system has a disparate impact on him, Mitchell did not raise this before the district court, and it is therefore also waived. *See Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 114 (2d Cir.2005) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alteration omitted)). Moreover, Mitchell has not referred to any evidence in the record from which a reasonable fact finder could infer a discriminatory impact.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**