**Daphne L. SPIKES BELL, Plaintiff,**

v.

**CONTINENTAL SCHOOL OF BEAUTY, Charles Shumway, Betty Vieira, Darlene Collechio and Kathy Didas, Defendants.**

No. 13–CV–6244W.

United States District Court, W.D. New York.

Signed Jan. 23, 2014.

Daphne L. Spikes Bell, Rochester, NY, pro se.

Daniel J. Moore, Harris Beach LLP, Pittsford, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

*Pro se* Plaintiff Daphne Spikes Bell ("Plaintiff") brings this action against Defendants Continental School of Beauty ("Continental"), Charles Shumway, Betty Vieira,[1] Darlene Collechio, and Kathy Didas (collectively "Defendants") pursuant to 42 U.S.C. § 1981[2] alleging intentional discrimination based on her race and retaliation. Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 6).

## BACKGROUND

Plaintiff, who is African American, alleges that Defendants unlawfully discriminated against her on the basis of race and retaliated against her when she complained about discrimination while she was a student esthetician at Continental. Plaintiff references two incidents in her Complaint in an effort to support her claims (Doc. 1 at 3–4).

Plaintiff alleges that on February 19, 2013, following a disagreement with two Caucasian students, she was suspended from Continental for one week by defendants Betty Vieira and Kathy Didas, whom Plaintiff describes respectively as Continental's Directors of Esthetics and Operations (Doc. 1 at 3). Plaintiff alleges that she was accused by defendants Vieira and Didas of "making some Caucasian students feel unsafe" and that she was told that she had been the subject of ten previous "write-ups" (Doc. 1 at 3–4).

Thereafter, on or about March 11, 2013, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("DHR"). Plaintiff attaches a copy of that DHR complaint to her Complaint filed in this action. In the DHR complaint, Plaintiff alleges that she was punished for her purported failure to comply with Continental's rules and procedures, but two Caucasian students described as "Cassie and Frankie" were not similarly punished (Doc. 1 at 7).

Approximately one month after filing her first DHR complaint, on April 8, 2013, Plaintiff alleges she was involved in an incident with an African American student at Continental. Following this incident, defendant Charles Shumway, the President of Continental, and defendant Vieira allegedly confronted Plaintiff and ultimately expelled her from Continental. Although it is not entirely clear from the Complaint, Plaintiff appears to be alleging that prior to her expulsion, defendants Shumway and Vieira attempted to coerce

---

1. The Court hereby amends the caption of the case *sua sponte* to reflect the correct spelling of Ms. Vieira's last name.

2. Although the Complaint does not specifically mention 42 U.S.C. § 1981, the Order granting Plaintiff permission to proceed *in forma pauperis* (Doc. 4) deems this action to have been filed pursuant thereto.

Plaintiff into signing a document "to build a case against" Plaintiff related to her DHR complaint, but she refused to sign the document (Doc. 1 at 4).

Plaintiff filed a second DHR complaint on April 25, 2013 (Doc. 6–1 at 2), and commenced the instant action on May 14, 2013 (Doc. 1). Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) arguing that Plaintiff failed to allege facts sufficient to support an inference that her suspension and expulsion from Continental were related to her race.

## DISCUSSION

### I. Legal Standard

In considering a motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005). A court should consider the motion " 'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.' " *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56–57 (2d Cir.2008) (internal quotation marks omitted).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001) (internal quotation marks omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir.2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.' ") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Moreover, "a *pro se* litigant should be afforded every opportunity to demonstrate that he [or she] has a valid claim." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir.1990) (alteration in original) (internal quotation marks omitted).

### II. Plaintiffs Intentional Discrimination Claim

42 U.S.C. § 1981 provides in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens. . . ." To state a claim under § 1981, "a plaintiff must allege facts in

support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993); *see also Burgin v. Toys–R–Us–Nytex, Inc.*, No. 97–cv–0998, 1999 WL 454302, at *2 (W.D.N.Y. June 30, 1999) ("purposeful discrimination must be the centerpiece of any section 1981 claim").

Plaintiff in this case is African American and has therefore satisfied the first element of a § 1981 claim. Defendants concede this point (Doc. 6–2 at 11). Defendants also do not argue that the purported discrimination did not concern one or more of the activities enumerated in § 1981.

Instead, Defendants seek dismissal on the basis that the Complaint "contains no facts to support a reasonable inference of purposeful discrimination" (Doc. 6–2 at 9). In support of this argument, Defendants argue that the facts alleged in the Complaint demonstrate only that Plaintiff disagreed with the disciplinary measures adopted by Defendants.

■ The Court disagrees. Plaintiff alleges that she was the only student involved in the February 19, 2013, incident who was subjected to discipline while the Caucasian students involved were not punished; that she was accused of making Caucasian students feel unsafe; and that two Caucasian students (Cassie and Frankie) failed to abide by Continental's purported rules and procedures and were not punished. These allegations are sufficient to withstand a motion to dismiss. In contrast to *Turner v. Nazareth College*, No. 10–cv–6357, 2011 WL 310787 (W.D.N.Y. Jan. 28, 2011), relied upon by Defendants, Plaintiff has identified specific Caucasian students who were allegedly treated differently under similar circumstances.

■ However, the Court finds that Plaintiff has not stated sufficient allegations against defendant Darlene Collechio, and indeed, the Complaint appears to lack any allegations against defendant Collechio. Defendants' motion to dismiss is therefore granted to the extent that the Complaint purports to assert a claim of intentional discrimination against defendant Collechio.

### III. Plaintiff's Retaliation Claim

■ In addition to her claim of intentional discrimination, Plaintiff also alleges that Defendants retaliated against her for the filing of the first DHR complaint by expelling her from Continental. "The gravamen of a retaliation claim under § 1981 is the allegation of discriminatory treatment because of the filing of a discrimination charge, as distinct from discriminatory treatment on account of race or color in the first instance." *Choudhury v. Polytechnic Institute of New York*, 735 F.2d 38, 44 (2d Cir.1984). As such, the merits of the underlying discrimination charge are not at issue. *Id.* ("[P]roof of racial discrimination *per se* is not essential to a § 1981 retaliation claim.").

■ With regard to demonstrating a relationship between the protected activity and the alleged retaliatory action, "[p]roof of causal connection can be established indirectly by showing that the protected activity was followed closely by discriminatory treatment . . ., or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct." *White v. Eastman Kodak*, No. 06–cv–6493, 2009 WL 1514659, at *10 (W.D.N.Y. May 29, 2009) (quoting *DeCin-*

*tio v. Westchester Cty. Med. Ctr.*, 821 F.2d 111, 115 (2d Cir.1987)).

▉ Here, Plaintiff filed a DHR complaint about one month before she was terminated from Continental. In fact, Defendants acknowledge that Plaintiff's expulsion occurred on the same day that Continental submitted its response to Plaintiff's first DHR Complaint (Doc. 6–2 at 5–6). Nowhere in Defendants' moving papers do they articulate a legitimate basis for dismissal of the retaliation claim at this stage of the proceedings, with the exception of any claim as asserted against defendant Collechio. Defendant Collechio is not alleged to have participated in Plaintiff's expulsion or any other retaliatory conduct. Therefore, Defendants' motion to dismiss is granted to the extent that the Complaint alleges retaliation claims against defendant Collechio.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) is granted as to defendant Collechio, and it is denied in all other respects. Defendants other than defendant Collechio are directed to answer Plaintiff's Complaint within twenty (20) days of entry of this Decision and Order.

SO ORDERED.