13-388-cv
Rodas v. Town of Farmington

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                      *Circuit Judges*.

----------------------------------------------------------------------

STEPHEN RODAS,

                      *Plaintiff-Appellant*,

           v.                                              No. 13-388-cv

TOWN OF FARMINGTON,

                      *Defendant-Appellee*.

----------------------------------------------------------------------

FOR APPELLANT:              Christina A. Agola, Esq., Rochester, New York;
                            Stephen Rodas, *pro se*, Farmington, New York.[1]

FOR APPELLEE:               Scott D. Piper, Harris Beach PLLC, Pittsford,
                            New York.

---

[1]  By letter dated March 23, 2014, Plaintiff Stephen Rodas informed the court that he would be proceeding pro se.   His brief, filed March 22, 2013, was prepared by counsel.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 17, 2013, is AFFIRMED.

Plaintiff Stephen Rodas appeals from an award of summary judgment in favor of his employer, defendant Town of Farmington, on Rodas's claim that the Town retaliated against him for complaining of sex discrimination.   See 42 U.S.C. § 2000e et seq. ("Title VII"); New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296.[2]

We review an award of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor.   See Townsend v. Benjamin Enters., 679 F.3d 41, 47 (2d Cir. 2012). Because the same analysis applies to retaliation claims under the NYSHRL as under Title VII, see Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010), we discuss these claims together.   We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

To establish a prima facie claim of retaliation under Title VII and the NYSHRL, a plaintiff must show (1) participation in a protected activity, (2) defendant's knowledge of

---

[2] Although Rodas's complaint also invoked 42 U.S.C. § 1983, on appeal, he describes the action as one brought under Title VII and the NYSHRL.   We therefore deem any § 1983 claims abandoned on appeal, see Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011), to the extent that they were not already forfeited for failure to raise them before the district court, see Oneida Indian Nation v. Madison Cnty., 665 F.3d 408, 441 (2d Cir. 2011).

such participation, (3) an adverse employment action, and (4) a causal connection between the adverse action and the protected activity.   See id.   Rodas submits that the district court erred in concluding that he failed to make the first and third required showing.

1.      Protected Activity

It is undisputed that Rodas engaged in protected activity on April 23, 2010, when he filed a complaint with the Equal Employment Opportunity Commission.   Rodas asserts that he also engaged in protected activity (1) in September 2009, when he complained to a supervisor about a cartoon in the common area of his workplace depicting two men, one labeled as Rodas, with a sexually suggestive caption; (2) in January 2010, when he complained to the same supervisor about seeing words written on a fuel tank suggesting that Rodas was a homosexual; and (3) in February 2010, when he memorialized these concerns in a written complaint to his employer.   Although these complaints addressed what would appear to be sexual orientation discrimination, Rodas does not challenge the award of summary judgment on a theory of sexual orientation discrimination, see Dawson v. Bumble & Bumble, 398 F.3d 211, 218, 224 (2d Cir. 2005) (noting that sexual orientation discrimination is not actionable under Title VII but is actionable under NYSHRL), and any such argument is deemed waived.   See Lederman v. N.Y.C. Dep't of Parks and Recreation, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Issues not sufficiently argued will be deemed waived and ineligible for appellate review.").

3

Protected activity for purposes of Title VII and NYSHRL retaliation claims encompasses an employee's complaint to supervisors about alleged unlawful activity, even if the activity turned out not to be unlawful, provided that the employee "had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII." McMenemy v. City of Rochester, 241 F.3d 279, 285 (2d Cir. 2001). "The objective reasonableness of a complaint is to be evaluated from the perspective of a reasonable similarly situated person." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 17 (2d Cir. 2013).

We conclude that Rodas's complaints, even when viewed most favorably to him, could not support an objectively reasonable belief that he was opposing proscribed sex discrimination. As the Supreme Court observed in Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998), "workplace harassment" is not "automatically discrimination because of sex merely because the words [or images] used have sexual content or connotations." Here, Rodas adduced no evidence to support a claim of disparate workplace treatment because he was male. Thus, like the district court, we conclude that the record provides no basis for an objectively reasonable belief that Rodas's complaint pertained to sex discrimination proscribed by federal and state law.

2. Adverse Employment Action

Even if Rodas could demonstrate the requisite objectively reasonable belief, he cannot pursue a retaliation claim without showing materially adverse action by his

4

employer. Rodas attempted to carry this burden by pointing to evidence that (1) in January 2010, a co-worker told Rodas "this conversation is for heterosexuals only," J.A. 321; (2) on March 29, 2010, a co-worker took Farmington-owned tools that Rodas had been using from a Farmington-owned truck that Rodas had been driving; (3) on April 15, 2010, Rodas was reassigned to fire hydrant maintenance, which he found degrading; (4) on April 22, 2010, Rodas was denied a copy of his Worker's Compensation papers by a town supervisor before procuring them from the county office; (5) late on the night of June 1, 2010, Rodas's gun was confiscated by the Ontario County police, a process that involved loud banging on the door of his home and that was preceded by a May 19, 2010 letter from the county notifying Rodas of intended seizure; (6) on May 21, 2010, Rodas's supervisor told him not to talk to other employees; (7) on August 2, 2010, Rodas was again assigned to fire hydrant maintenance; (8) on September 16, 2010, Rodas was not invited to an employee "fun day" involving the use of heavy equipment; (9) on January 31, 2011, Rodas was suspended with pay; (10) on February 28, 2011, Rodas received a letter from his supervisor threatening termination; (11) on March 4, 2011, upon returning to work, Rodas felt harassed by the presence of a machete in the window sill of the break room; (12) on several occasions (March 10, November 18, and November 23, 2011), Rodas was not called in or reassigned to take on emergency water breaks as they occurred; and (13) after 2003, Rodas received no overtime work.[3]

---

[3] Rodas mentions in his brief on appeal that his February 9, 2010 written complaint to the

5

Actions are materially adverse when they "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Such actions must be more than "trivial harms" and must go beyond the "petty slights or minor annoyances that often take place at work and that all employees experience." Id. Rodas's alleged retaliatory actions cannot be deemed materially adverse. First, Rodas admitted that he experienced no diminution in pay, position, or benefits after making the complaints at issue. Indeed, he does not dispute receiving increased pay after his initial complaint. Second, Rodas conceded that the purportedly degrading work assignments were within his job description; that his January 2011 suspension with pay was the result of an investigation into his threatening another employee; that the taking of tools by a fellow employee did not impede his job performance; and that on each occasion that he was not called upon during emergencies, he was engaged in pre-determined assignments, and a different qualified person performed the task required by the emergency. Third, the identified threat of termination was, in fact, a letter stating a no tolerance policy on violence or threatening behavior in the workplace, sent after Rodas was the subject of a

town also memorialized retaliatory measures allegedly taken against him, namely: that he received lower pay raises than others; that he was denied a review; that he was not issued a mobile phone; that he was never given the chance to obtain a water license; that he was subject to unnamed disciplinary action while others were not; and that he was subject to slander. Rodas offered no evidence to substantiate these allegations beyond the fact that he had listed them in his February 2010 complaint, which is plainly insufficient to defeat summary judgment. See Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

complaint from a co-worker of threatening behavior. Finally, the remainder of the actions identified by Rodas fall well within the bounds of "minor annoyances" that we have previously deemed insufficient as a matter of law to be materially adverse. See Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 26 (2d Cir. 2014) (concluding that disciplinary citations, assignment to drive dirtier buses, one late overtime payment, and refusal to be provided with half-day off for doctor's appointment did not rise to level of materially adverse actions for retaliation claim); Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568–72 (2d Cir. 2011) (holding that investigatory sessions, counseling, threats of termination, hostile behavior during meeting, being made to come to work on day off under false pretenses, and being switched to night shift were not materially adverse actions for retaliation claim). No different conclusion is warranted when the identified actions are viewed in the aggregate because they did not affect Rodas in any materially adverse way. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d at 572.

Considering the totality of these circumstances, as well as their context, see id., we independently reach the same conclusion as the district court: Rodas failed as a matter of law to raise a triable issue of fact supporting the materially adverse employment action necessary to pursue his retaliation claim. Thus, summary judgment was properly awarded to defendant.

3.    Conclusion

We have considered all of Rodas's remaining arguments and conclude that they are

without merit.   Accordingly, for the foregoing reasons, the judgment of the district court is

AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8