**Stefanie A. DAVIS, Plaintiff,**

v.

**NYS DEPARTMENT OF CORRECTIONS ATTICA CORRECTIONAL FACILITY P.O. Box 149 Attica, NY 14011, Defendant.**

**No. 6:10–CV–6641 EAW.**

United States District Court, W.D. New York.

Signed June 16, 2015.

Filed June 17, 2015.

Stefanie A. Davis, Webster, NY, pro se.

J. Richard Benitez, NYS Attorney General's Office, Department of Law, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

Plaintiff Stefanie A. Davis ("Plaintiff") is an African American woman and a former employee of Defendant New York State Department of Corrections ("Defendant") at the Attica Correctional Facility ("Attica"). She filed the instant action on November 10, 2010, alleging discrimination on the basis of her race and gender and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* (the "NYSHRL"). (Dkt. 1). In sum and substance, Plaintiff alleges that while she was employed as an alcohol and substance abuse counselor at

Attica, her supervisor assigned her a disproportionate number of minority and/or behaviorally-difficult inmates, and that as a result of complaining about this disproportionate assignment, she was retaliated against.

Defendant previously moved for summary judgment on February 11, 2013. (Dkt. 26). On September 12, 2014, the Court entered a Decision and Order granting Defendant summary judgment as to all Plaintiff's claims except for retaliation. (Dkt. 36) (the "September 12th Decision and Order"). On December 5, 2014, Defendant filed a motion for leave to file a second motion for summary judgment (Dkt. 42) and the Court granted the motion on February 5, 2015 (Dkt. 47). Defendant filed a second motion for summary judgment on February 20, 2015. (Dkt. 48). The Court entered a scheduling order setting a response deadline of April 10, 2015.[1] (Dkt. 49). Plaintiff failed to file a response to Defendant's second summary judgment motion. For the reasons set forth below, Defendant's second summary judgment motion is granted.

## BACKGROUND

The factual and procedural history of this matter are set forth in detail in the September 12th Decision and Order. Familiarity with the September 12th Decision and Order is assumed for purposes of this Decision and Order.

## DISCUSSION

### I. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that

---

**1.** The docket reflects that the scheduling order for Defendant's second summary judgment motion was returned to the Court as undeliverable on May 5, 2015. Mail sent to Plaintiff has previously been returned as undeliverable, including a scheduling order issued in October, 2014. (Dkt. 37). At that time, Plaintiff provided the Court with an updated address. However, mail from Plaintiff's allegedly updated address has also been returned as undeliverable.

L.R. Civ. P. 5.2(d) provides that "[a] party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant.... [A] *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice." L.R. Civ. P. 5.2(d). Although it appears that Plaintiff did not receive the scheduling order relating to this motion, Plaintiff has repeatedly neglected her duty to keep the Court appraised of her current address, as required by this Court's Local Rules of Civil Procedure.

there is a *genuine issue for trial.*'" *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir.2002) (quoting *Matsushita Elec.,* 475 U.S. at 586–87, 106 S.Ct. 1348). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001) (internal quotation marks omitted); *see also Hemphill v. New York,* 380 F.3d 680, 687 (2d Cir.2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004)). Moreover, "a *pro se* litigant should be afforded every opportunity to demonstrate that he has a valid claim." *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, ·762 (2d Cir.1990) (alteration in original) (internal quotation marks omitted).

## II.  Plaintiff's Retaliation Claim

■ The sole remaining claim in this action is Plaintiff's retaliation claim. Claims of retaliation for engaging in protected conduct under Title VII are examined under the *McDonnell Douglas* burden shifting test. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2] "Under the *McDonnell Douglas* analysis, the plaintiff must establish a *prima facie* case of retaliation, which the defendant must rebut

with a legitimate reason for the action. Then the plaintiff carries the ultimate burden of showing that the proffered explanation is really a pretext for retaliation." *Hannah v. One Communs.,* No. 08–cv– 6567L, 2011 WL 5282633, at *9 (W.D.N.Y. Sept. 28, 2011). In order to make out a *prima facie* case for retaliation under Title VII, Plaintiff must establish that: (1) she was engaged in a protected activity; (2) Defendant was aware of this activity; (3) Defendant took adverse action against her; and (4) there was a causal connection between the protected activity and the adverse action. *Sista v. CDC Ixis N. Am., Inc.,* 445 F.3d 161, 177 (2d Cir.2006).  ·

■ "A plaintiff engages in 'protected activity' when she (1) opposes employment practices prohibited under Title VII; (2) makes a charge of discrimination; or (3) participates in an investigation, proceeding or hearing arising under Title VII." *Bundschuh v. Inn on the Lake Hudson Hotels, LLC,* 914 F.Supp.2d 395, 405 (W.D.N.Y. 2012). "[I]n order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by· Title VII." *Bennett v. Hofstra Univ.,* 842 F.Supp.2d 489, 500 (E.D.N.Y.2012). To qualify as protected activity, an employee's complaint must have been based on "a good faith, reasonable belief that [she] was opposing *an employment practice made unlawful by Title VII.*" *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.,* 716 F.3d 10, 14 (2d Cir.2013) (quotation omitted and emphasis added). "[M]ere subjective good faith belief is insufficient[;] the belief must be reasonable and characterized by *objective* good faith." *Id.* at 16 (quotation omitted and emphasis

---

**2.** "[R]etaliation claims under the NYSHRL are generally governed by the same standards as federal claims under Title VII." *Schiano v. Quality Payroll Sys., Inc.,* 445 F.3d 597, 609 (2d Cir.2006). Consequently, references to Plaintiff's Title VII claims below are also intended to refer to Plaintiff's claims under the NYSHRL.

in original). The reasonableness of the plaintiff's belief is assessed in light of the totality of the circumstances, and "[a] plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form." *Id.* at 14.

■ As a threshold matter, the record in this matter would not support a finding that Plaintiff engaged in protected activity when she complained that she believed she had been assigned a disproportionate number of African American and Hispanic inmates. As discussed in detail in the September 12th December and Order, there is no evidence in the record that Plaintiff was deliberately assigned a disproportionate number of African American and Hispanic inmates. (Dkt. 36 at 11). Instead, the record shows that inmates were assigned based on release date and that the waiting list from which inmates were assigned did not even identify race. (*Id.*). Plaintiff cannot have reasonably believed that a random assignment of inmates to her caseload constituted unlawful discrimination. *See Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir.1988) (complaint that employer was not pursuing a voluntary affirmative action program and should have given minority candidates greater consideration in hiring process did not constitute protected activity); *see also Johnson v. City Univ. of N.Y.*, 48 F.Supp.3d 572, 577 (S.D.N.Y.2014) (it is objectively unreasonable for a plaintiff to believe that conduct not motivated by membership in a protected class is unlawful).

There is also no evidence in the record that Plaintiff was subjected to a materially adverse employment action following her complaints. In this case, Plaintiff has identified the following negative incidents that she claims constituted retaliation: (1) Plaintiffs office was searched after she was incorrectly accused of having a cell phone;

(2) Plaintiff was subjected to increased supervision and scrutiny; and (3) Plaintiff voluntarily transferred to the Orleans Correctional Facility ("Orleans"). (Dkt. 33 at 8).

■ As the Second Circuit Court of Appeals has explained:

The requirement of a materially adverse employment action reflects the principle that Title VII does not protect an employee from all retaliation, but only retaliation that produces an injury or harm. . . . [A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Still, [a]ctions that are trivial harms—*i.e.*, those petty slights or minor annoyances that often take place at work and that all employees experience—are not materially adverse.

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24–25 (2d Cir.2014) (quotations and citations omitted). "[I]n determining whether conduct amounts to an adverse employment action, the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently substantial in gross as to be actionable." *Eldridge v. Rochester City Sch. Dist.*, 968 F.Supp.2d 546, 560 (W.D.N.Y. 2013) (quotation omitted).

■ Here, considered both separately and in the aggregate, the alleged acts of retaliation do not rise to the level of materially adverse. With respect to the alleged search of Plaintiff's office, as the Court explained in the September 12th Decision and Order, the record established that "[s]earches [at Attica] are routine due to the facility being a maximum security prison. All areas are searched randomly. . . . All individuals are subject to visual inspec-

tion of bags." (Dkt. 36 at 14–15) (quotation omitted). A routine search, even if based on inaccurate information, is the kind of minor annoyance that is not actionable. *See generally Rivera,* 743 F.3d at 26 (disciplinary citations, assignment to drive dirtier buses, one late overtime payment, and refusal of half-day off for doctor's appointment did not rise to level of materially adverse actions for retaliation claim).

 Similarly, being subjected to increased supervision, where unaccompanied by a disciplinary process, is not materially adverse for purposes of a retaliation claim. *See Tepperwien v. Entergy Nuclear Operations, Inc.,* 663 F.3d 556, 570 (2d Cir. 2011) ("criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action") (quotation omitted).

Finally, as the Court discussed at length in the September 12th Decision and Order, the record in this case establishes that Plaintiffs transfer to Orleans was completely voluntary and was a purely lateral transfer, with no diminution in pay, benefits, or job responsibilities. (Dkt. 36 at 16–17). "A lateral job transfer that does not affect an employee's salary or title may be the basis for a Title VII retaliation claim only if the reassignment would have been viewed by a reasonable employee as being materially adverse." *Kaytor v. Elec., Boat Corp.,* 609 F.3d 537, 555 (2d Cir.2010). A reasonable employee would not consider a mutually-agreeable transfer such as the transfer at issue here materially adverse. *See St. Juste v. Metro Plus Health Plan,* 8 F.Supp.3d 287, 327 (E.D.N.Y.2014).

Even considering Plaintiffs claims in the aggregate, the record contains no evidence that she suffered any injury or harm from the alleged acts of retaliation. *See Rodas v. Town of Farmington,* 567 Fed.Appx. 24, 28 (2d Cir.2014) ("No different conclusion is warranted when the identified actions are viewed in the aggregate because they did not affect [plaintiff] in any materially adverse way.").

In sum, Defendant has adequately shown that no genuine issues of material fact exist with respect to Plaintiffs claim that she was retaliated against in violation of Title VII. Summary judgment on this claim is warranted.

## *CONCLUSION*

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk of the Court is instructed to enter judgement in Defendant's favor and close the case.

SO ORDERED.