15-3950-cv
*Forest v. New York State Office of Mental Health*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge*.[*]

---

RUTH A. FOREST,

> *Plaintiff-Appellant*,

> v.                                                                                  15-3950

NEW YORK STATE OFFICE OF MENTAL HEALTH,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | KYLE T. PULIS & Scott Michael Mishkin (on the brief), Scott Michael Mishkin PC, Islandia, New York |
| For Defendant-Appellee: | ANDREW RHYS DAVIES, Assistant Solicitor General of Counsel, Anisha S. Dasgupta, Deputy Solicitor |

---

[*] Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

General, Barbara D. Underwood, Solicitor General (on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, New York

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ruth Forest appeals a grant of summary judgment entered in the Southern District of New York (Forrest, *J.*) on November 10, 2015, dismissing her claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, some of which we briefly reiterate here.

## I.     Background

Ruth Forest has been a registered nurse at Sullivan Correctional Facility ("SCF") since 2006. On March 21, 2011, Forest filed an internal complaint of gender discrimination with SCF's Affirmative Action Department. In May 2011, Forest went out on medical leave and returned in January 2012. She complains that, upon her return, her supervisors, Shelley Depew and Sueann Smith, retaliated against her for filing the internal complaint by having her work weekdays instead of weekends for a period of two weeks, asking her to review the new policies implemented during her eight-month absence, preventing her from leaving the facility for lunch, and reprimanding her for using red ink on patients' charts.

In April 2012, Forest filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging gender discrimination and retaliation. After that complaint, she alleges that she was again retaliated against by supervisors when she was: (1) written up for completing paperwork on a patient who had already been discharged; (2) assigned an extra week of medication classes; and (3) disciplined for a missing syringe. She also claims that from

"about 2011" to June 2013, her supervisors prevented her from answering the phones during the nurses' morning meetings.

On March 14, 2013, Forest filed this lawsuit in the Southern District of New York. She brought gender discrimination and retaliation claims under Title VII against the New York State Office of Mental Health ("OMH") and gender discrimination claims against Smith and Depew under the Equal Protection Clause and 42 U.S.C. § 1983. In November 2014, the district court dismissed the gender discrimination claims against both OMH and her supervisors, holding that Forest had not plausibly alleged any "materially adverse employment action" sufficient to sustain a discrimination claim. In November 2015, the district court entered summary judgment for OMH on Forest's remaining Title VII retaliation claims. Forest now appeals the district court's grant of summary judgment as to the retaliation claims.

## II.    Discussion

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). To establish a prima facie case of retaliation, a "plaintiff must submit sufficient admissible evidence to allow a trier of fact to find: (i) conduct by the plaintiff that is protected activity under Title VII; (ii) of which the employer was aware; (iii) followed by an adverse employment action of a nature that would deter a reasonable employee from making or supporting a discrimination claim; (iv) that was causally connected to the protected activity." *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014). The employer must then articulate a legitimate, non-retaliatory reason for the adverse employment action. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). To survive summary judgment, a plaintiff

3

has to come forward with evidence to support the conclusion that the proffered reason is pretextual. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 211 (2d Cir. 2006).

The district court suggested that Forest's alleged acts of retaliation were not "materially adverse" sufficient to sustain a retaliation claim under Title VII. *See Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (defining a materially adverse action as one that would dissuade a reasonable employee from making a charge of discrimination). Regardless, the court found that Forest failed to establish a causal connection between most of the alleged acts of retaliation and her complaints. For the remaining acts, OMH offered legitimate, nonretaliatory reasons, and Forest offered no response.

We conclude that Forest failed to establish a materially adverse employment action and so affirm on this basis. Material adversity is to be determined objectively, based on the reactions of a reasonable employee. *Id.* "[T]rivial harms"—*i.e.*, "those petty slights or minor annoyances that often take place at work and that all employees experience"—are not materially adverse. *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). An employer's "enforcement of its preexisting disciplinary policies in a reasonable manner" does not amount to a materially adverse action. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014) (quoting *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012)). In addition, "criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action." *Tepperwien*, 663 F.3d at 570 (quoting *Weeks v. N.Y. State (Div. of Parole)*, 273 F.3d 76, 86 (2d Cir. 2001)).

As an initial matter, Forest was only—at most—criticized for the missing syringe and for

4

using red ink on patients' charts. *See id.* (stating that a lack of disciplinary action cuts against finding of material adversity). Moreover, many of the allegedly retaliatory acts reflect the reasonable enforcement of OMH's preexisting disciplinary policies. Specifically, OMH's Human Resources Administrative Manual requires all mental health staff to remain on the compound for lunch.[1] OMH policy required nurses properly to identify patients before giving them treatment and to document only the treatment they provided. In addition, OMH has put into the record its written policy about syringe/sharp disposal. Any formal discipline Forest received was in accordance with this policy.[2] *See Rivera*, 743 F.3d at 26.

Furthermore, the other actions on which Forest relies—that her schedule was shifted from weekends to weekdays for two weeks, that she had to review the policies implemented while she was on medical leave, that she was prevented from answering phones, and that she was assigned an extra week of medication classes—reflect "trivial harms."[3] *See Tepperwien*, 663 F.3d at 568, 571-72. Thus, Forest failed to establish the third element of her prima facie case of

[1] At oral argument, Forest contended that this policy was applied only to her. The record suggests otherwise. It is undisputed that the policy was not enforced during the period before Forest left on medical leave, but there is also undisputed evidence that in the beginning of 2012, when Forest returned from medical leave, OMH administrators made a renewed effort to enforce the lunch policy. Forest acknowledges that no one was allowed to leave the facility during lunch after the policy was reimplemented. And before the policy was reimplemented, both Forest and her colleagues were allowed to go out and pick up lunch. Thus, no reasonable jury could conclude that this policy applied only to her at any point in time.

[2] Forest further claims that Depew filed a "fabricated" sexual harassment complaint against Forest on March 18, 2014. But that event occurred after Forest filed her Second Amended Complaint in November 2013. Forest mentioned the event for the first time in her statement of additional facts pursuant to Federal Rule of Civil Procedure 56.1(b) on September 29, 2015. The district court did not address this additional event when it granted OMH summary judgment. OMH argues on appeal that the allegation is not a part of this suit and that Forest failed even to allege that the accusation was related to any protected activity. We agree.

[3] As to the assignment of an extra week of classes, Forest claims she was assigned 13 weeks of medication classes instead of the normal 12. The record reveals, however, that Forest only ended up teaching 10 of the 13 weeks during that period. In addition, assignments within an employee's job description are generally not materially adverse. *See Rodas v. Town of Farmington*, 567 F. App'x 24, 27 (2d Cir. 2014) (summary order).

retaliation under Title VII. The district court properly granted the defendant's motion for summary judgment.

## III. Conclusion

We have considered Forest's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
